IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> APEX TOWNE COUNTRY LLC and ORON ZARUM, <br><br> Defendants. | Case No. 4:24-cv-634-BRW |

**ORDER GRANTING JUDGMENT BY DEFAULT AGAINST DEFENDANT APEX TOWNE COUNTRY, LLC, FINAL JUDGMENT AND DECREE OF FORECLOSURE**

This matter came before the Court on the Motion for Default Judgment and Decree of Foreclosure filed by Plaintiff Federal National Mortgage Association ("Plaintiff") against Apex Towne Country, LLC. Based on Plaintiff's Motion and the documents filed in connection therewith, the Court finds and orders as follows:

1. On July 25, 2024, Plaintiff filed its Verified Complaint for Appointment of Receiver, Temporary Restraining Order, Preliminary and Permanent Injunctive Relief, Breach of Contract, Foreclosure, and Other Equitable and Legal Relief ("Verified Complaint") against Defendants Apex Towne Country LLC ("Defendant") and Oron Zarum ("Guarantor"). [ECF No. 1].

2. Plaintiff served a Summons and copy of the Verified Complaint on Complaint on VCorp Agent Services, Inc., the registered agent for Defendant on August 2, 2024. See ECF No. 14.

1

3. Defendant has failed to answer or otherwise respond to Plaintiff's Verified Complaint as provided by the Federal Rules of Civil Procedure and, as a result, the Clerk entered default against Defendant on August 27, 2024. [ECF No. 18].

4. Defendant is therefore in default, and judgment by default should be entered against Defendant.

5. Defendant executed that certain Multifamily Note in favor of Berkadia Commercial Mortgage LLC ("Original Lender") dated September 30, 2020 in the original principal sum of $5,984,000.00 (as assumed and assigned from time to time, the "Note").

6. To secure its obligations under the Note, Defendant executed that certain Multifamily Mortgage, Assignment of Rents, and Security Agreement dated September 30, 2020 (as assumed and assigned from time to time, the "Security Instrument") and granted Original Lender a first priority security interest in real property commonly known as The Summit at Towne and Country located at 770 N Chicot Road, Little Rock, Arkansas 72209 (as described more particularly in the Verified Complaint, the "Mortgaged Property"). Original Lender recorded the Security Instrument in the Pulaski County Circuit/County Clerk's Office ("Recording Office") on October 7, 2020 as Instrument Number 2020065910. *See* ECF No. 1 at Exhibit C.

7. The Note, Security Instrument, and all other documents evidencing the Loan ("Loan Documents") have been assigned to Plaintiff by Original Lender, such that Plaintiff is the holder of the Note and in physical possession of the Loan Documents and is entitled to enforce the same. *See* ECF No. 1 at Exhibits E and F.

8. By virtue of the Loan Documents, Plaintiff has security interests in and liens against the Mortgaged Property that are first, paramount, and prior to the right, title, claim, lien, and interest of all others.

9. Under the Loan Documents, as defined in the Verified Complaint, Plaintiff is entitled to enforce all or any of its rights contained in Loan Documents, enforce payment of indebtedness due under the terms of the Loan Documents, enforce any other legal or equitable rights, exercise any other legal or equitable remedies, and cure or remedy any default by Defendant for the purpose of preserving the Mortgaged Property.

10. Pursuant to the terms of the Loan Documents, Defendant was to make monthly payments on the Loan on the first day of each month beginning November 1, 2020 (the "Monthly Payments").

11. Defendant defaulted on its obligations on March 1, 2024 when it failed to pay the Monthly Payment on the Loan, and has remained in default and made no payments since that time.

12. In accordance with its rights under the Loan Documents, Plaintiff has accelerated the obligations due under the Note and has made demand upon Defendant for payment of the obligations, but Defendant has failed to pay said obligations. The outstanding amount due and owing is $6,850,392.55 through December 31, 2024, with interest and default interest continuing to accrue.

13. Defendant is in default of its obligations under the Loan Documents. Accordingly, Plaintiff is entitled to a judgment in the amount of $6,850,392.55, plus all interest, late fees, charges, attorneys' fees and costs, and the cost of this action accruing after December 31, 2024 through the date of confirmation of the sale of the Property.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED as follows:

A. Plaintiff Federal National Mortgage Association is awarded a judgment *in rem* against the Mortgaged Property (as defined in Plaintiff's Verified Complaint) in the amount of $6,850,392.55, this being the amount due and owing to the Plaintiff as of December 31, 2024,

together with (i) the interest and default interest continuing to accrue after December 31, 2024, through the date of the entry of this judgment; (ii) all additional funds expended, advanced, or otherwise paid by Plaintiff for the benefit of the Mortgaged Property and/or in connection with the foreclosure after December 31, 2024 through the date of confirmation of the foreclosure sale as may be demonstrated to the Court by way of receipts, affidavit or other similar evidence, including, but not limited to, any additional compensation paid by Plaintiff to the court-appointed receiver, Taratino Properties, Inc. in connection with the foreclosure of the Mortgaged Property; and (iii) all additional reasonable attorneys' fees and costs incurred by Plaintiff in enforcing its mortgage securing the Mortgaged Property through the date of confirmation of the foreclosure sale.

  B. The foregoing judgment shall accrue interest at the highest rate allowed by Arkansas law until paid in full.

  C. The Mortgage and Loan Documents grant to Plaintiff a first, prior, paramount, and perfected lien in and to the Mortgaged Property and entitle Plaintiff to foreclose all of its right, title and interest in the Mortgage Property and to sell the Mortgaged Property to satisfy the judgment.

  D. If said judgment is not wholly discharged within ten (10) days from the date of the judgment, the Circuit Clerk of Pulaski County, who is hereby appointed Commissioner, shall sell the Mortgaged Property at public auction, to the highest bidder, after having advertised the same according to law and the orders of this Court.

  E. The Mortgaged Property shall be sold on a credit of ninety (90) days, pursuant to Ark. Code Ann. § 18-49-104(a)(2). The purchaser on the date of sale shall be required to pay the full purchase price or pay ten percent (10%) of purchase price to be tendered into the registry of

the Court at the date, time, and place of sale, which amount shall be forfeited in the event the purchaser does not pay the balance of the purchase price within ninety (90) days of the date of sale; purchaser shall execute a bond, with a commercial corporate surety, bearing interest from the date of sale in the amount of the remainder of the purchase price until paid at the rate of 10 percent (10%) per annum; any fees and expenses, including but not limited to attorneys' fees and costs, receiver costs, and operation and maintenance costs for the Property, incurred by Plaintiff from the date of sale until the purchase price is paid in full shall be borne by the purchaser in addition to the purchase price; the payment of said purchase price to be secured by a lien upon the purchased property; provided, however, that if Plaintiff Federal National Mortgage Association, or any of its successors, or assigns, becomes the purchaser at the sale for an amount not in excess of its judgment, interest, and costs herein, in lieu of giving bond, it may credit the amount of its bid, less the cost of these proceedings, including the Commissioner's fee, on the judgment herein rendered at the time of confirmation of such sale, which credit shall be an extinguishment of its judgment with respect to the Mortgaged Property to the extent of such credit. Should any successful bidder fail to perform under the instructions of the Commissioner at the time of the sale, then that bid shall be void and set aside, and the Mortgaged Property shall be awarded to the next successive high bidder.

      F.    The Commissioner shall give notice of such sale once weekly for four (4) consecutive weeks by publication in a newspaper having a general circulation in Pulaski County, Arkansas as required by 28 U.S.C. § 2002 and proof of publication shall be promptly filed the with the Clerk of the Court.

G. Upon such sale, all right, title, interest, estate, and equity or possibility of dower, redemption, curtesy, homestead, or appraisements of Defendant in the Mortgaged Property and all claiming by, through or under it, shall be foreclosed and forever barred.

H. Commissioner shall make a report of the sale and file it with the Clerk of the Court.

I. All expenses of recording the Commissioner's Deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser.

J. The purchaser at the sale of the Mortgaged Property, after payment of the purchase price, shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the Sheriff of Pulaski County, who will proceed to place the purchaser in possession of the property.

K. The sale proceeds, after expenses of sale, shall be paid and distributed to Plaintiff, to the extent of the judgment *in rem* herein awarded. Any overplus from the sale of the Mortgaged Property over and above Plaintiff's judgment, interest, and costs shall be paid over to the registry of the Court and anyone who claims an equitable or legal interest in and to all or any portion of the overplus shall petition the Court for a determination of each party's priority of interest and aliquot shares or proration, if any, thereunto said overplus.

IT IS SO ORDERED this 13th day of February, 2025.

BILLY ROY WILSON
UNITED STATES DISTRICT JUDGE